UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORFOLK SOUTHERN RAILWAY
COMPANY,

        Plaintiff,

    v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

        Defendant.
_____

**DECISION AND ORDER**

1:23-CV-00119 EAW

# INTRODUCTION

This action arises from a dispute between the parties relating to a construction project in Cheektowaga, New York. Presently before the Court is Defendant's motion to dismiss or in the alternative to stay the proceedings in this action. (Dkt. 8). For the following reasons, Defendant's motion is denied.

# BACKGROUND

Plaintiff Norfolk Southern Railway Company ("Plaintiff") entered into a construction contract with Resetarits Construction Corporation ("RCC") on April 6, 2021, for the construction of a rail car shop on Plaintiff's property in Cheektowaga, New York. (Dkt. 1 at ¶ 5). Defendant Philadelphia Indemnity Insurance Company ("Defendant") issued a performance bond in the amount of $4,621,497.00 on behalf of RCC relating to the construction contract. (*Id*. at ¶ 6). Plaintiff alleges that RCC failed to adequately

perform under the terms of the construction contract and that Defendant has failed to comply with its obligations under the performance bond.

Specifically, Plaintiff alleges that after repeated notices to RCC of deficient work and performance and the failure of RCC to cure and remediate its failures, Plaintiff issued notification to Defendant on March 24, 2022, pursuant to section 3.1 of the performance bond "articulating RCC's breaches of the Construction Contract, advising [Defendant] of [Plaintiff's] intention to declare a default, and requesting a meeting with [Defendant]." (*Id*. at ¶¶ 12-14). A meeting and site inspection was held on May 17, 2022, after which RCC was provided additional opportunities to correct the problems, but it failed to do so. (*Id*. at ¶¶ 15-17). After Plaintiff's engineer observed RCC operating unsafely and contrary to the engineer's instructions, on June 27, 2022, a stop work order was issued and RCC was no longer permitted on the property. (*Id*. at ¶¶ 18-19).

A second notice under section 3.1 of the performance bond was issued by Plaintiff on July 15, 2022. (*Id*. at ¶ 20). After unsuccessful attempts to address the issues, on October 21, 2022, Plaintiff declared RCC in default and terminated the construction contract pursuant to section 3.2 of the performance bond, because RCC materially breached the construction contract. (*Id*. at ¶ 24). Defendant investigated the issue and elected to attempt to arrange for RCC to resume work on the project and complete the construction contract, but failed to provide the assurances needed by Plaintiff for it to agree to RCC reentering its property. (*Id*. at ¶¶ 30-31). Ultimately, on February 2, 2023, Defendant issued a notice to Plaintiff denying liability under the performance bond. (*Id*. at ¶ 33).

Plaintiff asserts a cause of action for breach of contract against Defendant and seeks the following relief:  (1) a declaratory judgment directing Defendant to perform its obligations under the performance bond; and (2) damages for all costs incurred by Plaintiff in completing the work under the construction contract and making repairs and corrections, including but not limited to attorneys' fees, expenses, and interest.  (*Id*. at 7).

Plaintiff commenced this action on February 3, 2023.  (*Id*.).  Prior to the commencement of this federal court action, RCC commenced an action in New York State Court, Erie County Supreme Court, against Plaintiff, on July 27, 2022.  (Dkt. 8-1 at ¶ 14).  However, Defendant was not a party to that state court litigation until when, after the commencement of this federal court action, Defendant moved for intervention which was granted by the state court.  (*See* Dkt. 11).  In addition, RCC was granted leave by the state court to amend its complaint wherein, among other things, Defendant is named as a nominal defendant.  (Dkt. 8-6).  Plaintiff is pursuing an appeal of the state court's decision. (Dkt. 12 at 8).

In its state court complaint, Defendant alleges that Plaintiff's attempt to terminate the construction contract with RCC was wrongful, and that after completing a thorough investigation, Defendant concluded, among other things, that Plaintiff did not afford RCC with reasonable notice and an opportunity to cure.  (Dkt. 8-9).  Defendant asserts a declaratory judgment cause of action against Plaintiff seeking a declaration that because Plaintiff's termination of RCC was improper and/or unjustified, and because Plaintiff failed to properly discharge all conditions precedent contained in the performance bond, Defendant's obligations under the performance bond are discharged.  (*Id*. at 6).

With the pending motion Defendant seeks dismissal and/or a stay pursuant to *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). (Dkt. 8). Plaintiff opposes the relief. (Dkt. 12). Oral argument was held on December 19, 2023, at which time the Court reserved decision.

## DISCUSSION

### I.  *Colorado River* **Abstention**[1]

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Where, as here, a federal court properly has subject matter jurisdiction, it has a 'virtually unflagging obligation' to exercise that jurisdiction, even if an action concerning the same matter is pending in state court." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (quoting *Colo. River*, 424 U.S. at 817-18). "The underlying principles of the *Colorado River* doctrine rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 474 (S.D.N.Y. 2001) (quoting *Colo. River*, 424 U.S. at 817). "The burden of persuasion is with the party moving for Colorado River abstention." *Pappas Harris Cap., LLC v. Bregal Partners, L.P.*, No. 20-CV-6911 (VEC), 2021 WL 3173429, at *3 (S.D.N.Y.

---

[1]  "The Second Circuit has made it clear that the *Colorado River* doctrine governs motions to stay as well as motions to dismiss, where the basis of the motion is the pendency of a potentially dispositive concurrent state court case." *Harris v. TD Ameritrade, Inc.*, No. 17-CV-6033 (LTS/BCM), 2018 WL 1157802, at *5 (S.D.N.Y. Feb. 14, 2018).

July 27, 2021) (quoting *Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, No. 19-CV-3868, 2020 WL 1503558, at *5 (S.D.N.Y. Mar. 30, 2020), *aff'd*, 830 F. App'x 50 (2d Cir. 2020)).

"Colorado River abstention only applies where state and federal courts exercise concurrent jurisdiction simultaneously." *Doyle v. N.Y. State Div. of Hous. & Cmty. Renewal*, No. 98 CIV. 2161(JGK), 1999 WL 177441, at *5 (S.D.N.Y. Mar. 30, 1999) (citing *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)); *see also Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) ("In *Colorado River*, . . . the Supreme Court announced an abstention doctrine for use in limited situations in which state and federal courts exercise concurrent jurisdiction simultaneously."). As a threshold matter, abstention is inapplicable where the two actions are not deemed to be parallel proceedings. *See Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("Therefore, a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."); *Fisher v. O'Brien*, No. 09 CV 42(CBA)(LB), 2010 WL 1269793, at *4 (E.D.N.Y. Mar. 9, 2010) (finding *Colorado River* arguments to be "moot as there is no parallel state court proceeding pending"), *report and recommendation adopted*, 2010 WL 1286365 (E.D.N.Y. Mar. 30, 2010).

"In evaluating whether *Colorado River* abstention is appropriate, federal district courts are to consider six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The six factors are: (1) whether the dispute involves a particular res over which one of the courts has assumed jurisdiction; (2) whether one

forum is more convenient than the other; (3) whether a stay or dismissal of the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether the litigation has advanced further in one forum; (5) whether federal law controls the rule of decision; and (6) whether the state forum can adequately protect the plaintiff's federal rights.  *Id.*  "Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'"  *Id*. at 101 (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc*., 239 F.3d 517, 522 (2d Cir. 2001)).

## II.     The State Court Action and this Matter are "Parallel" Proceedings

As noted, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."  *Dittmer,* 146 F.3d at 118.  Plaintiff argues that the actions are not parallel because RCC is not a party to this proceeding and the issues being litigated are not substantially the same because Plaintiff seeks monetary damages in addition to declaratory relief in this federal court action.  (Dkt. 12 at 9-10).  The Court disagrees.[2]

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same."  *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997); *Iacovacci v. Brevet Holdings, LLC*,

---

[2]     In fact, Plaintiff arguably concedes the parallelism of the two matters when, at another point in its brief, Plaintiff argues that the issues raised by Defendant's complaint in the state court action "are the *exact* issues which are the subject of this breach of contract action." (Dkt. 12 at 7). Admittedly, the finding of parallelism would be impacted if, as Plaintiff predicts (*see id.* at 8), it successfully litigates its appeal of the state court decision allowing Defendant's intervention.

437 F. Supp. 3d 367, 375 (S.D.N.Y. 2020) ("Proceedings are parallel where substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (quotation and citation omitted)). "In determining whether two actions are parallel for purposes of *Colorado River* abstention, a court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Davis v. The Money Source Inc.*, No. 3:21-CV-00047 (AWT), 2021 WL 3861908, at *16 (D. Conn. Aug. 30, 2021) (quotation and citation omitted). "Complete identity of parties and claims are not required. However, resolution of the state action must dispose of *all* claims presented in the federal case." *DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (internal quotation marks and citations omitted); *see also Mochary v. Bergstein*, 42 F.4th 80, 86 (2d Cir. 2022) ("Mere 'commonality in subject matter' does not render actions parallel." (citing *Dittmer,* 146 F.3d at 118)).

In the state court litigation, Defendant has been permitted to intervene to assert a claim against Plaintiff wherein it seeks a declaration that because Plaintiff's termination of RCC was improper and/or unjustified, and/or because Plaintiff failed to properly discharge all conditions precedent contained in the performance bond, any obligations Defendant may have had under the terms of the performance bond have been discharged—in other words, Defendant owes no obligation to Plaintiff under the terms of the performance bond. (*See* Dkt. 8-9 at 6). Plaintiff seeks the opposite relief in this action—in other words, a declaration that Defendant must fulfill its obligations under the terms of the performance bond. (*See* Dkt. 1 at 7). The different forms of relief requested are a function of which party is the plaintiff and the defendant—but either way, resolution of one action will

- 7 -

conclusively resolve the claims in the other action vis-à-vis Plaintiff and Defendant. In other words, if Defendant obtains a declaration in the state court action that it owes no obligation under the terms of the performance bond, this will necessarily defeat Plaintiff's claims to the contrary in this action and vice versa. The fact that Plaintiff also seeks monetary relief in this action does not defeat a finding of parallelism. *See Zeppelin Sys. USA, Inc. v. Pyrolyx USA Indiana, LLC*, No. 19-CV-11222, 2020 WL 1082774, at *6 (S.D.N.Y. Mar. 5, 2020) ("Even though Plaintiff seeks additional sums, as well as injunctive relief, in this court, the underlying events for both this action and enforcement of the mechanic's lien are identical and the resolution of both actions depend on the same questions of breach of contract. . . . Thus, the fact that the Plaintiff seeks additional recovery in this court does not defeat parallelism."); *Iacovacci v. Monticciolo*, No. 18 CIV. 7984 (JFK), 2019 WL 2074584, at *6 (S.D.N.Y. May 9, 2019) (rejecting argument that state court and federal court lawsuits were not parallel, even though constructive trust was sought in federal action that was not sought in state court action); *Stahl York Ave. Co., LLC v. City of New York*, No. 14 CIV. 7665 ER, 2015 WL 2445071, at *9 (S.D.N.Y. May 21, 2015) (even though the "forms of relief sought by plaintiff in this case and the state action" were not "perfectly coextensive" where the plaintiff sought money damages in federal court in addition to injunctive and declaratory relief, "the cases are undoubtedly parallel for the purposes of the *Colorado River* abstention doctrine"), *aff'd*, 641 F. App'x 68 (2d Cir. 2016).

Likewise, while RCC is not a party to this action, that does not defeat a finding of parallelism where the claims in this federal court action necessarily must resolve the issues

pertaining to RCC's performance under the terms of the construction contract. *See*, *e.g.*, *Pabco Const. Corp. v. Allegheny Millwork PBT*, No. 12 CIV. 7713, 2013 WL 1499402, at *2 (S.D.N.Y. Apr. 10, 2013) (although surety was named as a defendant in federal court action but not the state court litigation, that did not destroy the parallelism of the two actions); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (although the state court action involved an additional party not named in the federal case, actions were deemed parallel). In other words, "perfect symmetry" is not required, *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 NGG RER, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006), but rather simply substantial identity of the parties, and that requirement is plainly met here.

**III.     Application of the *Colorado River* Factors Does Not Warrant Abstention**

Although the two actions are parallel, the six *Colorado River* factors weigh in favor of denying Defendant's motion. "After determining that the state and federal proceedings are parallel, the question becomes whether the court should exercise its discretion to abstain." *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 298 (S.D.N.Y. 2017). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

### a. Jurisdiction Over *Res*

Neither party contends that this action entails the exercise of judicial jurisdiction over property. "[T]he absence of a *res* 'point[s] toward exercise of federal jurisdiction.'" *Vill. of Westfield*, 170 F.3d at 122 (quoting *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)).

### b. Forum Convenience

Here, the forum for the state action and the instant action are essentially the same, as both courts sit in Western New York.[3] The Second Circuit has "held that where the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." *Id.* (quoting *Youell v. Exxon Corp.*, 48 F.3d 105, 113 (2d Cir.), *vacated on other grounds*, 516 U.S. 801 (1995)). Therefore, the Court concludes that the second factor weighs in favor of federal jurisdiction.

---

[3]    Defendant argues that this matter is "assigned to the Rochester Division of the Western District of New York" and therefore, the state court is more convenient because it is in Erie County where witnesses are located. (Dkt. 8-10 at 13). Defendant's underlying premise is incorrect. As an initial matter, "[t]he Buffalo Division and the Rochester Division are not statutory divisions" but instead, "the so-called divisions of this District were created by local rule simply as a matter of administrative convenience." *Gorzynski v. JetBlue Airways Corp.*, 10 F. Supp. 3d 408, 410 (W.D.N.Y. 2014). Furthermore, although the undersigned's duty station is in Rochester, this case has been assigned to the undersigned from the civil wheel of Buffalo cases, which the undersigned accepts for assignment in addition to cases from the civil wheel of Rochester cases. This means that the magistrate judge assigned to the matter—who will handle all pretrial matters—is one sitting in Buffalo. And while the undersigned's practice is to typically conduct civil trials in Rochester, the parties are free to consent to magistrate judge jurisdiction which would allow the case to be tried in Buffalo.

### c. Avoidance of Piecemeal Litigation

"[T]he primary context in which [the Second Circuit] ha[s] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford*, 239 F.3d at 524. However, "[t]he mere potential for conflicting outcome between the two actions does not justify abstention under the 'piecemeal litigation' factor." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 345 (S.D.N.Y. 2010) (citing *Colo. River*, 424 U.S. at 816). "[B]ecause any case involving parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise, dismissals pursuant to *Colorado River* would be the rule, not the exception. . . ." *King v. Hahn*, 885 F. Supp. 95, 98 (S.D.N.Y. 1995).

Here, there is arguably some risk of inconsistent results because RCC is not a party to this litigation. Accordingly, "the state action is more comprehensive, because it involves [parties] not present in the federal action[, and thus, there is] . . . some risk of inconsistent result[s]." *Pike Co., Inc. v. Universal Concrete Prod., Inc.*, 284 F. Supp. 3d 376, 389 (W.D.N.Y. 2018) (quotations and citations omitted). On the other hand, it is difficult to envision a scenario—and neither party has sufficiently articulated one—where one forum's resolution of the disputes between Plaintiff and Defendant would not have a binding effect in the other forum under principles of res judicata and/or collateral estoppel.

Therefore, the Court finds that this factor weighs in favor of abstention, but, on balance, that it carries only modest weight. *See Mazuma Holding Corp. v. Bethke*, 1 F.

Supp. 3d 6, 26 (E.D.N.Y. 2014) ("[W]hile not staying the federal actions will lead to some amount of duplication due to similar 'factual underpinnings,' such 'duplication does not weigh significantly in favor of abstention.'" (quotation and citation omitted)); *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 829 F. Supp. 2d 82, 87 (E.D.N.Y. 2010) ("[A]lthough the Court agrees that this situation poses a *threat* of inconsistent results, . . . [and] while this factor is important and does weigh in favor of abstention, it is not determinative.").

### d. Order of Filing and Progress of Proceedings

The jurisdictional priority factor "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. "Even where, as here, a state action was commenced before the federal suit, that factor will carry 'little weight' if 'there has been limited progress in [the] state court suit.'" *Niagara Mohawk Power Corp.,* 673 F.3d at 102 (quoting *Vill. of Westfield*, 170 F.3d at 122).

Although the state court action was filed prior to this proceeding, that proceeding did not involve Defendant until after the filing of the instant matter. Moreover, although there has been some progress in the state court action, it does not appear to be significant. Thus, the Court concludes that the fourth factor is, on the whole, neutral, and therefore does not favor abstention.

### e. The Source of Substantive Law

"When the applicable substantive law is federal, abstention is disfavored, though the inverse proposition will not alone support a surrender of federal jurisdiction." *De Cisneros*, 871 F.2d at 308. Indeed, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F.3d at 124.

The parties do not dispute that questions of state law will be the basis for decisions in both actions. But "[i]n cases involving only routine issues of state law, which federal district courts are fully capable of deciding, there are no such rare circumstances." *Smehlik v. Athletes & Artists, Inc.*, 861 F. Supp. 1162, 1167 (W.D.N.Y. 1994) (quotation marks and citation omitted); *State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C.*, 589 F. Supp. 2d 221, 240 (E.D.N.Y. 2008) ("The state law issues before this Court are not particularly complex and defendants have provided no reason why this forum would be an inappropriate place in which to decide them."). The various claims appearing in this action are not particularly novel or complex.

Therefore, the Court finds that the fifth factor weighs in favor of federal jurisdiction.

### f. Whether the State Court Will Adequately Protect the Parties' Interests

"In analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Vill. of Westfield*, 170 F.3d at 124 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). "The sixth factor is only significant if it militates in favor of federal litigation." *Sulton v. Ashley*, No. 01 CIV

8179 (JSM), 2002 WL 122919, at *4 (S.D.N.Y. Jan. 29, 2002) (citing *Bethlehem Contracting Co.*, 800 F.2d at 328).

At most, this factor appears to be neutral and provides no reason to abstain from exercising federal jurisdiction. *See State Farm Mut. Auto. Ins. Co.*, 589 F. Supp. 2d at 240 ("The last factor appears to be neutral. There is no reason to think that the state court would not adequately protect [the] plaintiff's rights, but that in itself is not sufficient reason to abstain."). In fact, the neutral nature of factor six "weighs against abstention pursuant to *Colorado River*." *Sea Tow Servs. Int'l, Inc. v. Pontin*, No. 06CV3461(JFB)(ETB), 2007 WL 1135601, at *7 (E.D.N.Y. Apr. 17, 2007); *see Woodford*, 239 F.3d at 522 ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.").

In sum, based on a consideration of the relevant factors, the Court concludes that abstention under *Colorado River* is not appropriate, and therefore, neither dismissal nor a stay is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or in the alternative to stay (Dkt. 8) is denied.

SO ORDERED.

                                              _____
                                              ELIZABETH A. WOLFORD
                                              Chief Judge
                                              United States District Court

DATED:      January 2, 2024
                Rochester, New York